THE MAYOR, &C. *VS.* EMANUEL & GAINES.

1. A judgment will not be reversed for a misdirection by the judge to the jury, if it appear that the party complaining could not have been injured by the error.

Error to the Circuit court of Mobile.

Trespass to try title, before *Pickens*, J.

This was an action of trespass, brought by the plaintiffs, against the defendants, in the Circuit court of Mobile, to try the title to, and recover the possession of a certain lot of ground, situate and being in the city of Mobile.

The plaintiffs predicated their claim upon an act of Congress, of the twenty-sixth of May, eighteen hundred and twenty-four, entitled "an act granting certain lots of ground to the corporation of the city of Mobile, and to certain individuals of said city." The terms of that act, so far as material to the plaintiffs' case, are as follows: "Be it enacted, &c. That all the right and claim of the United States, to the lots known as the hospital and bake-house lots, containing about three-fourths of an acre of land, in the city of Mobile, in the State of Alabama; and also all the right and claim of the United States, to all the lots not sold or confirmed to individuals, either by this or any former act, and to which no equitable title exists in favor of any individual, under this or any other act,—between high-water mark and the channel of the river, and between Church street and North Boundary street, in front of the said city, be, and the

same are hereby vested in the Mayor and Aldermen of the said city of Mobile, for the time being, and their successors in office, for the sole use and benefit of the said city forever."

The plaintiffs having given in evidence a map of the city, and proved its adoption by the authorities of the corporation, then showed that the premises in question were situate, in May, eighteen hundred and twenty-four, and previously, between Church street and a street south of Adams street, and below both high and low-water marks, and the channel of the river.

The defendants offered in evidence, a grant from the Spanish authorities, which is attached to the bill of exceptions,—and claimed title under that grant. Without pretending to set it out, it will be sufficient to say, that it is the same grant which made a part of the record in Hagan et al. vs. Campbell et al. (8 Porter, 9,) and the legal effect of which is there settled by the opinion of the court.

"The court charged the jury, that if the place in controversy was, subsequent to the admission of this State into the Union, below both high and low-water mark, then Congress had no right to grant it; and if defendants were in possession, the plaintiffs could not oust them by virtue of the act of Congress.

"That the grant to Forbes extended to high-water mark, and that if the place claimed was between high-water mark and the channel, in front of the grant, and had been reclaimed by defendant, then the plaintiff could not recover in virtue of the act of Congress, and this notwithstanding the reservation of the right of way, specified in the confirmation of the grant to Forbes."

The Mayor, &c. *vs.* Emanuel & Gaines.

*Hale and James Martin,* for plaintiffs in error.
*Stewart,* contra.

COLLIER, C. J.—The Spanish grant, under which the defendants claimed title, was confirmatory, and in extension of a British grant, made in seventeen hundred and sixty-seven. By the latter, was embraced the land to high-water mark only, while the former conveyed to its grantee, the intervening space between high-water mark and the channel of the river—(Hagan et al. vs. Campbell et al. 8 Porter, 9.) In the second instruction, then, the Circuit court erred in charging the jury, that the grant to Forbes extended to high-water mark." Whether there is error in the first instruction, we do not propose to enquire, since it is clear, that the plaintiffs could not have been prejudiced by the instructions to the jury, as they were not entitled to recover. It has been repeatedly decided by this, as well as other appellate courts, that a judgment will not be reversed for a misdirection by the judge to the jury, if it appears that the party complaining could not have been injured. Now, in the case before us, the plaintiffs could claim nothing under the act of Congress: there was no vacant space between high and low-water mark; all had been "*sold and confirmed*" to Forbes, so that it is perfectly immaterial what view may have been taken of the case, in the charge given by the Circuit court to the jury.

There is no *available* error in the record, and the judgment is affirmed.